IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                                                    CIV. NO. S-11-3007 WBS GGH

    vs.

REAL PROPERTY LOCATED ON
DEER VALLEY ROAD, BANGOR
CALIFORNIA, BUTTE COUNTY,
APN: 028-450-017, INCLUDING ALL
APPURTENANCES AND
IMPROVEMENTS THERETO,

    Defendant.                                                   FINDINGS AND RECOMMENDATIONS
_____/

        This matter came before the undersigned on the United States' ex parte motion for default judgment. There was no appearance by or on behalf of any other person or entity claiming an interest in the above-captioned defendant property to oppose the United States' motion. Based on the United States' motion and the court record, the court makes the following findings.

        This action arose out of a verified complaint for forfeiture in rem filed November 10, 2011. According to the verified complaint, Salvador B. Rocha owns the subject property as his sole and separate property. (Compl., ¶ 4.) According to the verified complaint, this property is involved in or traceable to a violation of 31 U.S.C. § 5324(a)(3) and 21 U.S.C. § 841(a)(1), or

1  conspiracy to commit such violation, and is therefore subject to forfeiture under 31 U.S.C. §
2  5317(c)(2) and 21 U.S.C. § 881(a)(6), respectively.  The facts surrounding these alleged
3  violations are set forth in the declaration of Special Agent Park.  (Decl., filed November 14,
4  2011, dkt. no. 3.)  The government's characterization of the alleged violations are summarized
5  here:

> Specifically, between February 12, 2010 and March 9, 2010, a combination of at least eighty-four money orders and five cashier's checks were structured into Rocha's escrow account at Mid Valley Title & Escrow Company, and then used to purchase the defendant property on March 10,2010.  On September 23, 2011, a Butte County sheriff Deputy and an Internal Revenue Service Agent conducted an aerial surveillance of the defendant properties, which verified an ongoing marijuana cultivation operation.  A large marijuana cultivation operation was in fact observed at the defendant property on September 26, 2011.

(Mot. at 9.)

Notice of the action was given by publication on the official government internet forfeiture site, www.forfeiture.gov, from December 15, 2011 for at least thirty days. (Ford Decl., ¶ 8.)  In addition, the subject property was posted with a copy of the complaint, and Rocha was served at his last known address by certified mail and by leaving copies with Rocha's brother.  (Id., ¶ 4.)  The government also sent notice to the address listed by Rocha on the defendant property's deed of trust.  (Id.. ¶ 3.)  Salvador Rocha has not filed a claim or answer in this case.  See Rule G(4)(b)(ii)(B); Supplemental rule G(5)(a)(ii)(B).  The Clerk of the Court entered default against Rocha's interests on February 14, 2012.  The court finds that the United States has satisfied the requirements for entry of default judgment in this case.

Accordingly, IT IS RECOMMENDED that:

1. Salvador B. Rocha be held in default;

2. The United States' motion for default judgment and final judgment of forfeiture be granted;

\\\\\

2

3. A judgment by default be entered against any right, title, or interest of potential claimant Salvador B. Rocha in the defendant property referenced in the above caption;

4. A final judgment be entered, forfeiting all right, title, and interest in the defendant real property to the United States, to be disposed of according to law.

5. That the default judgment and final judgment of forfeiture lodged herein be signed by the Honorable William B. Shubb and filed by the Clerk of the Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 10, 2012

      /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076:U.S.RealProp3007.fr.wpd